Teresa **LOPEZ**, a/k/a Betsy Cuevas a/k/a Betsy Leon, a/k/a Doris Curry, a/k/a Betsy Bass, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 13–91–472–CR.

Court of Appeals of Texas, Corpus Christi.

Aug. 31, 1992.

Carlos Correa, Jeff Skarda, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty., Kimberly Aperauch Stelter, Asst. Dist. Atty., Houston, for the State.

Before GILBERTO HINOJOSA, DORSEY and FEDERICO G. HINOJOSA, Jr., JJ.

## OPINION

GILBERTO HINOJOSA, Justice.

A jury convicted appellant, Teresa Lopez, of burglary of a habitation. *See* TEX.PENAL CODE ANN. § 30.02(a)(1) (Vernon 1974). Punishment was assessed by the trial court at twenty-five years in the penitentiary. By two points of error, appellant complains of ineffective assistance of counsel and improper jury argument. We affirm.

The evidence showed that on January 1, 1991, Officer Edward Robinson, who was on patrol, received a call on his radio that a house was being burglarized. When Robinson arrived at the location, he saw a white van parked in front of the house. A window on one side of the house was broken. He noticed that the van's motor was running and its doors were open. Appellant and others were inside the house.

When Robinson appeared, appellant was just coming out of the window of the house. When appellant saw Robinson, she yelled to the other parties inside the house to run. She then jumped out of the window into the yard, and attempted to flee. She and others were arrested. Items of the complainant's property were found in the van, but none of the complainant's property was found in appellant's possession. Investigation revealed that many items of the complainant's property were stacked by the window, in a position where they could easily be handed out and loaded into the van.

Jesus Valenzuela, the complainant, testified that he left his house that evening to celebrate the New Year. When he returned home, early in the morning of January 2nd, someone had broken into his house and apparently stolen some of his property. Jewelry and other items had been taken. Other property, including a TV and furniture, had been moved to a broken window. Clothes and other property were strewn around the inside of the house. He testified that he did not give anyone consent to enter his house or take his property.

Appellant was indicted and charged with burglary of a habitation. The jury found appellant guilty. The court assessed punishment.

Appellant's first point of error complains of ineffective assistance of counsel. In our review of the ineffective assistance claim, we are guided by *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Strickland* established a two part test to determine whether counsel's representation was so deficient that a new trial is required. To receive a new trial, the defendant must show that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.* 466 U.S. at 687, 104 S.Ct. at 2064. The defendant must also show that "counsel's errors were so serious as to deprive the defendant of a fair trial whose result is reliable." *Id.* Texas law requires that counsel's performance must be "reasonably effective." *Solis v. State*, 792 S.W.2d 95, 98 (Tex.Crim. App.1990). The totality of counsel's representation is reviewed, and not merely isolated errors. *Butler v. State*, 716 S.W.2d 48, 54 (Tex.Crim.App.1986).

■ Appellant's primary complaint is that counsel failed to request a lesser included instruction on trespass. Appellant also complains that no defense witnesses were called to testify, no objections were made, voir dire was not recorded, and counsel did not make an opening statement. Appellant argues that these errors independently and cumulatively constitute ineffective assistance of counsel.

Considering the facts, we do not believe counsel's performance was deficient. The police testified that they caught appellant as she was coming out of the complainant's house. The evidence was undisputed that someone burglarized the house. However, the evidence did not show any stolen property in appellant's possession.

The record indicates that counsel made a conscious choice not to request a lesser included charge on trespass. Rather, his strategy apparently was to seek complete acquittal based on lack of evidence that appellant intended to commit, or actually committed, theft. For example, counsel's closing argument focused on the fact that none of the complainant's property was found on appellant, and the evidence merely showed that she was inside the house while others were ransacking it. Of course, had a lesser included charge on criminal trespass been requested, the jury would have been authorized to convict on that theory, and not acquit. *Compare* TEX.PENAL CODE ANN. § 30.02 (Vernon 1990) and § 30.05 (Vernon 1990). We hold that this is a reasonable trial strategy, and not ineffective assistance of counsel.

Regarding the other alleged errors, no evidence showed that other witnesses could favorably support counsel's theory. We cannot say that counsel's failure to call other witnesses was ineffective under these circumstances.

■ Appellant also argues that counsel's performance was deficient for failing to request transcription of voir dire. Without more, we do not believe failure to request transcription of voir dire is ineffective assistance of counsel *per se*. Some injury resulting from the failure to request transcription must be raised by appellant on appeal.

Here, no specific error is alleged to have occurred during voir dire. Hence, the record does not establish ineffective assistance of counsel which might have caused harm to appellant, thereby depriving him of a "fair trial whose result is reliable."

■ Appellant also argues that counsel's failure to object to the State's evidence was deficient performance. However, counsel's failure to object is not ineffective assistance if the evidence is admissible. *Cooper v. State*, 707 S.W.2d 686, 689 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). Appellant's appellate counsel has directed us to only one place during closing argument where an objection possibly should have been made. However, as our discussion below indicates, no error occurred.

Appellant's first point of error is overruled.

■ Appellant's second point of error complains that reversible error occurred during closing argument. The State argued:

We as a society deserve to have our property safe from people breaking into our house. We also deserve to have our lives safe from people breaking into our house with crowbars, smashing our windows and taking things.

Appellant's counsel did not object to this argument.

■ The general rule is that proper jury argument by the State involves: summation of the evidence, deductions from the evidence, an answer to the defendant's argument, and a plea for law enforcement.

*Whiting v. State*, 797 S.W.2d 45, 48 (Tex. Crim.App.1990). Improper closing argument, for example, involves a request for assessment of punishment based on community sentiment or other factors not in evidence. *See Palmer v. State*, 184 S.W.2d 471, 472 (Tex.Crim.App.1945).

Appellant argues that this argument falls within the scope of no proper categories of argument, and that it is more like the improper argument in *Cortez v. State*, 683 S.W.2d 419 (Tex.Crim.App.1984) (En banc). The argument in *Cortez* was:

Now, the only punishment that you can assess that would be any satisfaction at all to the people of this county would be life.

*Cortez* 683 S.W.2d at 420. The Court held that this argument was improper because it adopted a standard for punishment which was not based on the evidence, but what the people of the county wanted. *See Id.*

The gist of the argument in this case is that the community "deserves" to be protected from this type of crime. In this respect, this argument is different from that in *Cortez*.

In essence, this closing argument was merely a plea for law enforcement. And, we have held it proper to argue that a long prison sentence should be assessed in order to protect the community. *Tejerina v. State*, 786 S.W.2d 508, 513 (Tex.App.—Corpus Christi 1990, pet ref'd); *Williams v. State*, 575 S.W.2d 30, 33–34 (Tex.Crim.App. 1979). We find no error in this closing argument.

Appellant's second point is overruled and her conviction AFFIRMED.