IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 




NO. 3-92-639-CR




KENNETH EARL PARKER,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE



 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT



NO. 0915661, HONORABLE JON N. WISSER, JUDGE PRESIDING



 





 Following a jury trial, Kenneth Parker was convicted of aggravated robbery and
sentenced to forty-five years' imprisonment. Tex. Penal Code Ann. § 29.03(a)(2) (West Supp.
1993). He appeals. We will affirm the trial-court judgment.



BACKGROUND


 At approximately 1:00 p.m. on November 9, 1991, fourteen-year old Terrance
Harper was waiting for his friends to meet him at a bus stop in Austin. A man stopped in a
pickup truck and called out, "Don't I know you?" Harper approached the passenger side of the
truck to get a closer look at the sole occupant. The driver leaned over and, pointing a handgun
at Harper, instructed him, "Give it all up." After Harper tossed his money through the open
window of the truck, the man asked for drugs. Harper pulled out his pockets to show that he did
not have any drugs. The man then demanded Harper's new high-top shoes, which Harper
unstrapped and pitched into the truck. As the man drove off, Harper memorized the truck's
license-plate number and reported it to the police. 

 The police found the license-plate number was registered to a pickup truck owned
by Carolyn Parker, appellant's wife. The police had handled other incidents involving the truck,
in which the driver was Kenneth Parker. On November 23rd Harper identified Parker as his
assailant from a photographic lineup consisting of six photographs. Before trial, Parker moved
to exclude Harper's anticipated in-court identification of Parker as the assailant. After a hearing,
the trial court overruled the motion.



PRETRIAL PHOTOGRAPHIC LINEUP


 Parker contends in his first point of error that the trial court erred in admitting
Harper's in-court identification of Parker. He asserts the photographic lineup was so
impermissibly suggestive that it tainted Harper's in-court identification and denied Parker due
process of law. We disagree.

 It is a violation of due process to admit inherently unreliable identification
testimony. Harris v. State, 827 S.W.2d 949, 959 (Tex. Crim. App.), cert denied, 113 S. Ct. 381
(1992). If pretrial identification procedures are unnecessarily suggestive, thus tainting the in-court
identification, the testimony may still be admissible if the indicia of reliability outweigh the
corrupting effect of the pretrial procedures. Id. A defendant who wishes to exclude identification
testimony has the burden of proving two things by clear and convincing evidence: First, the
photographic array was impermissibly suggestive; and second, the impermissibly suggestive
procedure gave rise to a very substantial likelihood of irreparable misidentification. Delk v. State,
855 S.W.2d 700, 706 (Tex. Crim. App. 1993). 

 Turning to the first part of the inquiry, we note that the suggestiveness of a
procedure is determined by the circumstances of each case. Cantu v. State, 738 S.W.2d 249, 252
(Tex. Crim. App.), cert denied, 484 U.S. 872 (1987). Parker concedes that the photographic
lineup consisted of pictures of black males similar to himself in age and appearance. His sole
complaint is that he was the only one of the six pictured in jail clothing. Parker argues this is
significant for two reasons. First, Harper testified at the pretrial hearing that he assumed police
had a suspect in custody at the time he viewed the lineup. Second, Harper acknowledged he knew
what jail clothing looked like. Parker concludes that because he alone was pictured in a jail
uniform, he was the only person in the lineup who was obviously in custody. He argues that this
must have influenced Harper's selection from the photographic array. 

 The trial judge found that Parker's clothing did not have the distinctive appearance
of jail garb, and that the lineup was not impermissibly suggestive. The record supports these
findings. We have before us a copy of the photographic lineup. Parker appears in a dark, v-neck
shirt. There is no lettering or marking identifying the shirt as a jail uniform. Moreover, we note
that all the pictures appear to be of people in custody. A clock is partially visible in two of the
pictures, one of which is Parker's, and a portion of a bulletin board appears in two others. 
Nothing about the lineup, including Parker's attire, gives the impression that Parker was the only
one in custody. We find that the photographic array was not impermissibly suggestive. 

 Furthermore, Parker has failed to carry the burden of proof concerning the second
part of the inquiry. Parker must prove that the allegedly suggestive procedure led to a very
substantial likelihood of irreparable misidentification at trial. Delk, 855 S.W.2d at 706. In
determining whether such a likelihood existed, a court must examine the totality of the
circumstances, including the following factors: (1) the opportunity of the witness to view the
criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the
witness's earlier description of the criminal; (4) the level of certainty demonstrated by the witness
at the confrontation; and (5) the length of time between the crime and the confrontation. Id.
(citing Manson v. Brathwaite, 432 U.S. 98, 114 (1977)). These factors, as well as any others that
are relevant, are balanced against the corrupting effect of the suggestive procedure. Id. (citation
omitted). 

 The trial judge found that Harper's in-court identification of Parker was
independent of the lineup. The record supports this finding. First, Harper had a very good
opportunity to view his assailant. The crime occurred in the early afternoon, and Harper
approached within four feet of the truck. Additionally, the driver leaned across the seat to speak
to Harper. The encounter lasted long enough for Harper to empty his pockets, toss his money
into the truck, unstrap and fling each shoe into the truck, and memorize the license-plate number. 


 Second, the evidence indicates that Harper's degree of concentration was high. He
testified that he focused on the man's face to see if he was an acquaintance. Third, Harper gave
police a general description of the perpetrator as being a tall, thin black man with a mustache and
beard. Nothing in the record affirmatively indicates that the description is inaccurate, although
defense counsel intimated during closing argument that Parker was not thin. Fourth, Harper
exhibited a high degree of certainty that Parker was his assailant. The officer conducting the
lineup testified that Harper glanced at each photograph and pointed to Parker in less than a
minute. Harper testified that he had no trouble identifying Parker as the person who robbed him. 
Harper was equally certain about his in-court identification of Parker. There is no indication in
the record that Harper ever identified anyone else or expressed any uncertainty that Parker was
his attacker. Finally, the length of time between the crime and the photographic lineup was only
two weeks; and the time between the crime and the in-court identification was slightly under one
year, not unduly long. We hold that the indicia of reliability of Harper's in-court identification
of Parker outweigh any possible corrupting effect from the photographic lineup. We overrule
Parker's first point of error.



 PROSECUTORIAL MISCONDUCT


 In his second point of error Parker asserts that the prosecutor engaged in improper
closing argument. Specifically, Parker contends the prosecutor advised the jury that the
community expected a guilty verdict. 

 Immediately before the part of the argument about which Parker complains, the
prosecutor referred to defense counsel's cross examination of one of the State's witnesses: 
"Officer McRath was asked by [defense counsel] whether or not there was a lot of drug trafficking
going on in that area. And she said, yeah, but it's going on in other areas of town as well." The
argument that Parker finds objectionable is as follows:



 Well, ladies and gentlemen, there are lots of families that live in that area
[around the crime scene]. Hard working families. Mothers, grandfathers, children,
adolescents who live in that area. And the mere fact that they live in that area is
not enough to allow people like him to come over there and try to exploit them. 
Those people in that community, those hard working people in the east side want
their community cleaned up. They don't want people like him, outsiders coming
in and trying to do these kind [sic] of things to their children, threaten them, scare
them to death--



 After defense counsel objected and the judge cautioned the prosecutor, the latter
resumed, stating, "The fact that people live in that neighborhood does not give other people the
right to violate them."

 Proper jury argument must fall within one of the following categories: (1)
summation of the evidence; (2) reasonable deductions from the evidence; (3) a response to the
argument of opposing counsel; and (4) a plea for law enforcement. Borjan v. State, 787 S.W.2d
53, 55 (Tex. Crim. App. 1990) (citations omitted); Jefferson v. State, 830 S.W.2d 320, 325 (Tex.
App.--Austin 1992, pet. ref'd) (citation omitted). The State argues that the prosecutor's remarks
were a permissible plea for law enforcement. We agree.

 A plea for law enforcement may take many forms. Borjan, 787 S.W.2d at 55. The
State may address the impact of the verdict on the community, but may not argue that the
community or any segment of it either demands or expects a guilty verdict. Borjan, 787 S.W.2d
at 56; see also Cortez v. State, 683 S.W.2d 419, 420 (Tex. Crim. App. 1984) (holding that it was
reversible error for prosecutor to argue that the people of the county would be dissatisfied with
any sentence other than life). 

 In analyzing a complaint about improper argument we must determine its probable
effect on the jurors. Jefferson, 830 S.W.2d at 325 (citation omitted). Viewed in context, the
substance of the prosecutor's argument is that those who live in a crime-ridden area are not
unworthy of protection from crime. An assertion that the community deserves protection from
crime is a permissible plea for law enforcement; it is not the same as arguing that the community
expects or demands a conviction. Lopez v. State, 838 S.W.2d 758, 760 (Tex. App.--Corpus
Christi 1992, no pet.). We overrule Parker's second point of error.


 Finding no error, we affirm the trial-court's judgment.



 John Powers, Justice

Before Justices Powers, Jones and Kidd

Affirmed

Filed: October 13, 1993

Do Not Publish