Willie Richard Duhr v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-00-182-CR

     WILLIE RICHARD DUHR,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 82nd District Court
Robertson County, Texas
Trial Court # 99-06-16,692-CR
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      A jury found Willie Richard Duhr guilty of delivery of a controlled substance. The trial court
found three enhancement paragraphs to be true and sentenced Duhr to 20 years in prison. Duhr
appeals, raising two issues for review. We affirm.
Factual Background
      Linda Alford, a 13-year resident of Bremond, Texas, was addicted to the prescription drug,
Vicadin. She was caught forging prescriptions. As a part of her plea-bargain, she agreed to assist
law enforcement officers. She told them she could buy prescription drugs from Duhr.
      On the morning of February 17, 1999, Duhr called Alford and told her he had Xanax (the
trade name for the controlled substance, Alprazolam) and Valium for sale. Alford called Thomas
Hendrix, an investigator with the South Central Texas Narcotics Task Force, to inform him of
Duhr’s offer. Hendrix and Alford “set up the buy,” and Alford called Duhr to arrange a time to
meet. Hendrix then met Alford on a highway outside of Bremond. He searched her for drugs and
money.


 Hendrix did not, however, conduct an extensive search such as a strip search. He
searched her jacket and had Alford go into her pockets and shake out her bra. Hendrix was
satisfied that Alford had no drugs or money in her possession. He then gave her $50 in pre-recorded money for the drug purchase and a micro cassette recorder which she placed in her bra. 
The recorder could not be turned off once it was turned on. Hendrix dropped Alford off at the
post office in Bremond. She was to meet Duhr at the washateria up the hill.
      Duhr met Alford as scheduled and they drove around the block a few times. Hendrix
witnessed Alford in Duhr’s pickup. During the drive, Duhr gave Alford 25 Xanax pills for $50. 
Hendrix did not witness the exchange. After the exchange, Duhr and Alford conversed for a few
moments and Duhr dropped her off back at the washateria. Alford then walked to a café to call
Hendrix. Hendrix picked her up, and Alford handed over the Xanax pills. Hendrix searched
Alford again to make sure she did not purchase any other drugs. He found nothing. Hendrix
locked the micro cassette tape and the Xanax pills in the evidence locker in his office. 
      In May, Hendrix sent the Xanax pills to the Department of Public Safety lab in Waco, Texas. 
The chemist testified that the pills contained Alprazolam (Xanax) and weighed 3.23 grams. Duhr
was arrested in May, and after a search of his room, officers discovered 500 Xanax tablets in
various marked and unmarked prescription pill bottles.
Insufficiency of the Evidence
      In his first issue, Duhr contends the evidence was factually insufficient to support his
conviction. Specifically, he argues the evidence was factually insufficient because 1) Alford
admitted to using Vicadin prior to the drug buy; 2) Hendrix did not perform a thorough search of
Alford prior to the drug buy; 3) no one witnessed the actually delivery of the drugs from Duhr to
Alford; and 4) no one testified that Alford was reliable.
Law
      When conducting a review of the factual sufficiency of the evidence, we begin with the
assumption that the evidence is legally sufficient. Santellan v. State, 939 S.W.2d 155, 164 (Tex.
Crim. App. 1997). Evidence to support a criminal conviction may be factually insufficient in two
distinct ways. Goodman v. State, No. 0120-00, 2001 Tex. Crim. App. Lexis 112, at *3
(November 21, 2001). In the first, evidence is factually insufficient when the only evidence
presented on the particular element supports the inference that the fact is true, but that evidence
is simply too weak by itself to support a rational finding. Id. at *4. In the second, the proof of
guilt, although adequate if taken alone, is greatly outweighed by contrary proof. Johnson v. State,
23 S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Cain v. State, 958 S.W.2d 404 (Tex. Crim.
App. 1997); Clewis v. State, 922 S.W.2d 126 (Tex. Crim. App. 1996). The jury is the judge of
the credibility of the witnesses and may "believe all, some, or none of the testimony." Chambers
v. State, 805 S.W.2d 459, 461 (Tex. Crim. App. 1991).
Application
      Duhr did not testify at his trial. He argues the evidence presented by the State was too weak
to support his conviction. The reasons Duhr relies on for his insufficiency claim are merely
credibility issues that the jury must resolve. Obviously, the jury resolved these issues against
Duhr. They are not reasons, however, to show the evidence was too weak to support the
conviction. Duhr’s first issue is overruled.
Ineffective Assistance of Counsel
      In his second issue, Duhr complains he was denied effective assistance of counsel at his trial. 
He lists several alleged deficiencies in his brief that rendered his trial counsel ineffective. They
are: 1) counsel waived the making of a record of voir dire; 2) counsel presented no opening
statement; 3) counsel failed to object to irrelevant extraneous evidence; 4) counsel did not preserve
error by failing to request additional peremptory challenges and point out that he was forced to
try Duhr’s case with an unacceptable juror; 5) counsel presented no punishment evidence; and 6)
counsel made no argument at punishment.
Law
      In assessing the effectiveness of counsel, whether in the guilt/innocence or punishment phase,
we apply the test set forth by the Supreme Court in Strickland v. Washington. Strickland v.
Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984); Hernandez v.
State, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999); Ex parte Jarrett, 891 S.W.2d 935, 938
(Tex. Crim. App. 1994). Strickland requires us to determine whether:
      (1) counsel's performance was deficient; and if so,
(2) whether there is a reasonable probability the results would have been different but for
counsel's deficient performance.

Strickland, 466 U.S. at 687, 104 S.Ct. at 2064. This two-pronged test is the benchmark for
judging whether counsel’s conduct so undermined the proper functioning of the adversarial process
that the trial cannot be relied on as having produced a reliable result. Thompson v. State, 9
S.W.3d 808, 812-13 (Tex. Crim. App. 1999).
      "Consideration of the 'totality of the representation,' rather than isolated acts or omissions of
trial counsel, determines whether this standard has been met." Ex parte Kunkle, 852 S.W.2d 499,
505 (Tex. Crim. App. 1993) (quoting Ex parte Raborn, 658 S.W.2d 602, 605 (Tex. Crim. App.
1983)); accord Ferguson v. State, 639 S.W.2d 307, 310 (Tex. Crim. App. [Panel Op.] 1982). 
We strongly presume that counsel's conduct lies within the "wide range of reasonable
representation." McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The
appellant bears the burden of proving by a preponderance of the evidence that counsel was
ineffective. Thompson, 9 S.W.3d at 813.
      Our scrutiny of counsel’s performance must be highly deferential, and every effort must be
made to eliminate the distorting effects of hindsight. See Strickland, 466 U.S. at 689, 104 S.Ct.
at 2065; Thompson, 9 S.W.3d at 813. “Representation is not ineffective simply because, in
hindsight, the attorney could have or even should have done something differently.” Godwin v.
State, 899 S.W.2d 387, 392 (Tex. App.—Houston [14th Dist.] 1995, pet. ref’d). Allegations of
ineffective assistance of counsel must be firmly founded in the record. Thompson, 9 S.W.3d at
813.
The Complaints
      We will group Duhr’s complaints and review them accordingly.
Voir Dire
      Duhr complains that because his counsel waived the making of a record of voir dire, nothing
there can be appealed. He further contends that he could not then question whether jury selection
was proper, i.e., that counsel requested additional peremptory challenges and informed the court
he was forced to accept an objectionable juror. Without more, a waiver of the transcription of
voir dire cannot be ineffective assistance per se. See Wills v. State, 867 S.W.2d 852, 857 (Tex.
App.—Houston [14th Dist.] 1993, pet. ref’d); Lopez v. State, 838 S.W.2d 758, 760 (Tex.
App.—Corpus Christi 1992, no pet.). Some injury resulting from the waiver of transcription must
be raised by Duhr on appeal. See Lopez, 838 S.W.2d at 760. In this case, Duhr has not shown
any injury by the waiver of transcription of voir dire, just that he has the inability to prove it
because of the lack of a record. This Court cannot speculate as to what may have occurred during
voir dire.
Opening
      Duhr suggests that his counsel's failure to give an opening statement helps demonstrate his
overall ineffectiveness, yet provides no argument, authority, or evidence of how this alleged lapse
on his counsel's part constituted ineffectiveness. Duhr’s counsel opted to make his opening
statement at the end of the State’s case. This option is discretionary. See Tex. Code Crim.
Proc. Ann. art. 36.01 (a)(5) & (b) (Vernon Supp. 2002). Once the State rested its case, counsel
elected not to present a defense. Duhr also complains about this act. But, the State has the burden
of proof at guilt/innocence. A defendant is not required to present any evidence. Duhr has failed
to show what evidence would have been presented had he presented any and that the evidence
necessitated an opening statement.
Extraneous Offense Evidence
      Duhr complains that his counsel failed to object to irrelevant extraneous offense evidence
which allowed him to be convicted on general criminality. Duhr fails, however, to point to any
evidence in the record to which his counsel should have objected.
Punishment
      Lastly, Duhr contends that his trial counsel failed to present any evidence or argument at his
punishment hearing before the trial court. Duhr fails to point us to any evidence that could have
been presented and was not. Further, the State introduced seven of Duhr’s prior convictions from
three different counties. One conviction carried a punishment of 99 years in prison. In light of
these prior convictions, Duhr fails to show how his counsel’s failure to make a punishment
argument was either deficient or harmful.
Application
      Duhr had the burden to show his counsel rendered ineffective assistance. Considering the
totality of the representation, he has not shown that his counsel’s acts or omissions were deficient
or harmful. Thus, Duhr’s second issue is overruled.
Conclusion
      Having found the evidence to be factually sufficient and having determined Duhr did not
prove his counsel was ineffective, we affirm the judgment of the trial court.
 
                                                                         TOM GRAY
                                                                         Justice

Before Chief Justice Davis,
      Justice Vance, and
      Justice Gray
Affirmed
Opinion delivered and filed February 20, 2002
Do not publish
[CR25]