COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
2-08-028-CR

 

 

KIRK MARTIN BAGBY                                                          APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

             FROM THE 30TH
DISTRICT COURT OF WICHITA COUNTY

 

                                              ------------

 

                                MEMORANDUM OPINION[1]

 

                                              ------------

I. 
Introduction

Appellant Kirk Martin Bagby appeals his
conviction for robbery.  In two issues,
he claims that the evidence is legally and factually insufficient to support
the jury=s guilty
verdict and that trial counsel was ineffective. 
We affirm.








II.  Facts

James Hamilton, his son Kyle,
and Clyde Young traveled from Durant, Oklahoma, to Wichita Falls, Texas, to
install vinyl siding.  On May 29, 2007,
after completing the day=s work and eating dinner, James
parked his truck in the parking lot in front of the Econo Lodge Motel and the
men retired for the night to their room on the second floor.

Around three o=clock in
the morning, Clyde woke up to go to the bathroom.  He looked out the window to check the weather
and saw the two passenger-side doors to James=s truck
open and appellant removing James=s tools
from inside the truck.  Clyde yelled to
James that someone was stealing tools from the truck.  James bolted from the bed and out the door,
screaming at appellant as he descended the stairs.  Appellant looked up at James, scooped up some
tools, and ran to his car, locking himself in just before James caught up and
tried to punch out the window with his fist. 
Appellant started the motor, put the car in reverse, and backed over
James=s left
leg and foot, knocking him to the pavement. 
Appellant then put the car in drive and turned the wheels toward
James.  Clyde had followed James to the
parking lot and yelled for him to move out of the way.  Appellant started driving the car toward
James, but as James sprung to his feet, appellant put the car in reverse and
drove away.  Clyde noted the license
plate number.








James returned to the room and called 9-1-1.  Police arrived within minutes, subsequently
matched appellant to his license plate number, and prepared a photo line-up
from which James and Clyde were able to identify appellant.

Appellant was tried before a jury for robbery by
intentionally or knowingly threatening or placing James in fear of imminent
bodily injury or deathCby attempting to run him over
with an automobile.  The jury returned a
verdict of guilty, and the trial court sentenced appellant to seven years=
confinement.

III.  Legal
and Factual Sufficiency

Appellant=s first
issue on appeal challenges the legal and factual sufficiency of the evidence to
support the verdict.

A. 
Standards of Review

In reviewing legal sufficiency, we consider all
the evidence in the light most favorable to the verdict and determine whether a
rational juror, based on the evidence and reasonable inferences supported by
the evidence, could have found the essential elements of the crime beyond a
reasonable doubt.[2]








When reviewing the factual sufficiency of the evidence
to support a conviction, we view all the evidence in a neutral light, favoring
neither party.[3]  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
factfinder=s determination is clearly wrong
and manifestly unjust or whether conflicting evidence so greatly outweighs the
evidence supporting the conviction that the factfinder=s
determination is manifestly unjust.[4]








To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.[5]  Unless the record clearly reveals that a
different result is appropriate, we must defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because resolution of the conflict Aoften
turns on an evaluation of credibility and demeanor, and those jurors were in
attendance when the testimony was delivered.@[6]  Thus, we must give due deference to the
factfinder=s determinations, Aparticularly
those determinations concerning the weight and credibility of the evidence.@[7]

                                    B.  Elements of Robbery 

A person commits robbery when, in the course of
committing theft, and with intent to maintain control of the property, he
intentionally or knowingly threatens or places another in fear of imminent
bodily injury or death.[8]


C. 
Discussion

Appellant claims that the evidence is legally and
factually insufficient to support his robbery conviction because it does not
show that he intentionally or knowingly threatened or placed James in fear of
imminent bodily injury or death by attempting to run him over with an
automobile.








James testified that while he was on the pavement
after appellant had knocked him down by backing the car over him, he saw
appellant aim the wheels at him, put the car in drive, and head back toward
him.  Appellant looked him Asquare
in the eye when he had put it back in drive and was heading right back toward
me.@  Clyde testified that Ait
looked like [appellant] straightened up his wheels like he was gonna come back
at James@ and
that Ait
looked like he was gonna try to come back on him, but James jumped up so quick
he turned the other way and he took off.@  James further testified that as appellant was
trying to run over him he Aabsolutely@ feared
imminent bodily injury or death.  Both
James and Clyde testified that appellant stopped and reversed direction only
after James had regained his footing and moved out of the way.  Clyde testified that appellant=s
driving made him believe appellant was trying to run over James.

Viewed in the light most favorable to the
verdict, a rational juror could find beyond a reasonable doubt that appellant
intentionally or knowingly threatened or placed James in fear of imminent
bodily injury or death by attempting to run over him with an automobile.[9]  Therefore, we hold that the evidence is
legally sufficient.








Having held the evidence legally sufficient, we
also hold that, viewed in a neutral light, the evidence is factually
sufficient.  Appellant asserts that Clyde=s
testimony that Ait looked like [appellant] was
gonna try to come back on [James], but James jumped up so quick he turned the
other way and he took off@ conflicts with James=s
testimony and that it was more credible because Clyde was Aacting
rationally and maintaining distance@ and Ahad [a]
clear opportunity to view the entire situation.@

Assuming without deciding that Clyde=s
testimony conflicts with James=s
testimony, we defer to the jury=s
determination of the weight to be given contradictory testimonial evidence
because the record does not clearly reveal that a different result is
appropriate.[10]  Moreover, we find that the State=s
evidence was not so weak as to render the verdict unfair or manifestly unjust
nor was the evidence that appellant claims does not support the verdict so
overwhelming as to render the verdict unfair or manifestly unjust.[11]

Having found the evidence legally and factually
sufficient, we overrule appellant=s first
issue.

                            IV.
Ineffective Assistance of Counsel

In his second issue, appellant claims that his
trial counsel provided ineffective assistance by not requesting that the jury
charge instruct the jury on the lesser included offense of either burglary of a
vehicle or theft.








We apply a two-pronged test to ineffective
assistance of counsel claims.[12]  To establish ineffective assistance of
counsel, appellant must show by a preponderance of the evidence that counsel=s representation
fell below the standard of prevailing professional norms and that there is a
reasonable probability that, but for counsel=s
deficiency, the result of the trial would have been different.[13]

In evaluating the effectiveness of counsel under
the first prong, we look to the totality of the representation and the
particular circumstances of each case.[14]  The issue is whether counsel=s
assistance was reasonable under all the circumstances and prevailing
professional norms at the time of the alleged error.[15]








Review of counsel=s
representation is highly deferential, and the reviewing court indulges a strong
presumption that counsel=s conduct fell within a wide
range of reasonable representation.[16]  A reviewing court will rarely be in a
position on direct appeal to fairly evaluate the merits of an ineffective
assistance claim.[17]  AIn the
majority of cases, the record on direct appeal is undeveloped and cannot
adequately reflect the motives behind trial counsel=s
actions.@[18]  To overcome the presumption of reasonable
professional assistance, Aany allegation of
ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@[19]  It is not appropriate for an appellate court
to simply infer ineffective assistance based upon unclear portions of the
record.[20]








The second prong of Strickland requires a
showing that counsel=s errors were so serious that
they deprived the defendant of a fair trial, that is, a trial with a reliable
result.[21]  In other words, appellant must show there is
a reasonable probability that, but for counsel=s
unprofessional errors, the result of the proceeding would have been different.[22]  A reasonable probability is a probability
sufficient to undermine confidence in the outcome.[23]  The ultimate focus of our inquiry must be on
the fundamental fairness of the proceeding in which the result is being
challenged.[24]

This case demonstrates the Ainadequacies
inherent in evaluating ineffective assistance claims on direct appeal.@[25]  Although appellant filed a motion for new
trial, it does not assert that trial counsel=s
representation was deficient, nor is there anything in the record to show that
the trial court held a hearing to inquire into the reasons for trial counsel=s acts
or omissions.  Consequently, we cannot
determine whether counsel=s actions were grounded in sound
trial strategy because the record is silent as to possible trial strategies,
and we will not speculate on the reasons for those strategies.[26]








We hold, therefore, that appellant has failed to
show that counsel provided ineffective assistance, and we overrule his second
issue.[27]

                                          V.  Conclusion

Having
overruled appellant=s issues, we affirm the
judgment.

 

PER
CURIAM

 

 

PANEL:  CAYCE, C.J.; GARDNER and WALKER, JJ.

 

DO NOT PUBLISH        

Tex. R. App. P. 47.2(b)

 

DELIVERED:  March 5, 2009











[1]See Tex. R. App. P. 47.4.





[2]Jackson v. Virginia, 443 U.S. 307, 319, 99
S. Ct. 2781, 2789 (1979); Hooper v. State, 214 S.W.3d 9, 13 (Tex. Crim.
App. 2007).





[3]Neal v. State, 256 S.W.3d 264, 275
(Tex. Crim. App. 2008) cert. denied, 129 S. Ct. 1037 (2009); Watson
v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006).





[4]Lancon v. State, 253 S.W.3d 699, 705
(Tex. Crim. App. 2008); Watson, 204 S.W.3d at 414B15, 417.





[5]Watson, 204 S.W.3d at 417.





[6]Johnson v. State, 23 S.W.3d 1, 8 (Tex.
Crim. App. 2000).





[7]Id. at 9.





[8]Tex. Penal Code Ann. ' 29.02(a)(2) (Vernon
2003).





[9]See Jackson, 443 U.S. at 319, 99 S.
Ct. at 2789; Hooper, 214 S.W.3d at 13.





[10]See Johnson, 23 S.W.3d at 8.





[11]See Watson, 204 S.W.3d at 414B15, 417; Johnson,
23 S.W.3d at 11.





[12]Strickland v. Washington, 466 U.S. 668, 687, 104
S. Ct. 2052, 2064 (1984); Salinas v. State, 163 S.W.3d 734, 740 (Tex.
Crim. App. 2005); Mallett v. State, 65 S.W.3d 59, 62B63 (Tex. Crim. App.
2001); Thompson v. State, 9 S.W.3d 808, 812 (Tex. Crim. App.
1999).





[13]Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064; Salinas, 163 S.W.3d at 740; Mallett, 65 S.W.3d at 62B63; Thompson, 9
S.W.3d at 812.





[14]Thompson, 9 S.W.3d at 813.





[15]See Strickland, 466 U.S. at 688B89, 104 S. Ct. at 2065.





[16]Salinas, 163 S.W.3d at 740; Mallett,
65 S.W.3d at 63.





[17]Thompson, 9 S.W.3d at 813B14.





[18]Salinas, 163 S.W.3d at 740
(quoting Mallett, 65 S.W.3d at 63).





[19]Id. (quoting Thompson,
9 S.W.3d at 813).





[20]Mata v. State, 226 S.W.3d 425, 432
(Tex. Crim. App. 2007).





[21]Strickland, 466 U.S. at 687, 104 S.
Ct. at 2064.





[22]Id. at 694, 104 S. Ct. at
2068.





[23]Id.





[24]Id. at 697, 104 S. Ct. at
2070.





[25]See Patterson v. State, 46 S.W.3d 294, 306 (Tex.
App.CFort Worth 2001, no
pet.).





[26]See id. at 306; Jackson v.
State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); cf. Lopez v. State,
838 S.W.2d 758, 759 (Tex. App.CCorpus Christi 1992, no pet.) (holding that it is
a reasonable trial strategy, and therefore not ineffective assistance of
counsel, to forego requesting a lesser included offense instruction in favor of
seeking a full acquittal on the charged offense).





[27]See Mallett, 65 S.W.3d at 68.