

## NUMBER 13-07-00492-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

RAY VILLARREAL MERCADO, JR.,                                    **Appellant,**

**v.**

THE STATE OF TEXAS,                                            **Appellee.**

### On appeal from the 275th District Court
### of Hidalgo County, Texas.

## MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion by Justice Rodriguez

A jury found appellant, Ray Villarreal Mercado, Jr., guilty of robbery. *See* TEX. PENAL CODE ANN. § 29.02(a) (Vernon 2003). After the jury found the enhancement allegation "true," appellant was sentenced to seven years' confinement and assessed a

$2,000 fine.  By two issues, appellant contends the evidence is insufficient to sustain his conviction and that trial counsel rendered ineffective assistance.  We affirm.

## I. BACKGROUND

On January 6, 2007, David Moreno was working as the head of loss-prevention at a Wal-Mart in McAllen, Texas.  Moreno observed appellant select some DVDs from the new release section and place them in a shopping cart.  Moreno followed appellant because he appeared suspicious.  When appellant reached aisle five, he opened the DVDs with a razor blade, put the discs in his back pocket, and placed the empty cases back in the shopping cart.  Moreno approached appellant and asked him to return the discs.  Appellant denied that he had them and walked away.

Appellant then suddenly began running and fled the store.  Moreno chased appellant with Julio Mellado, an assistant manager, joining the chase.  The two men caught appellant approximately twenty feet outside the store's entrance; however, appellant broke free and ran to a car with a man sitting in the driver's seat of the car and the engine running.  When appellant reached the car, Moreno grabbed appellant in a "bear hug," and they both "crashed" into the back of the car, slid against the passenger side, and broke the side mirror.  Moreno testified that appellant was struggling and "trying to reach back into his pocket."  As Moreno and Mellado attempted to take appellant's hands out of the pocket, all three men fell to the ground.

After Moreno and Mellado lifted appellant off the ground, the driver opened the passenger side window.  Appellant put his head in the window, removed the DVDs from his pocket, and tossed them into the car.  According to Moreno, the driver of the car began throwing the DVDs under the seat.  Moreno stated that with half of appellant's body inside

2

the car's window, the driver put the car in gear. Moreno told the driver not to move the car, and the driver complied. As Moreno and Mellado attempted to pull appellant from the car, appellant was "kicking and kicking, trying to get free." Appellant kicked Moreno and Mellado. Moreno testified that he felt physical pain when appellant kicked his leg. Mellado testified that he believed appellant was kicking them intentionally, so that they would let him go.

Moreno and Mellado pulled appellant out of the car and restrained him until the police arrived. Officer Joe R. Razo, Jr., testified that appellant was uncooperative and that he refused to walk to the police car. Officers had to forcibly place appellant in the police car. Once in the car, appellant continued to struggle and hit the window with his head. Appellant also kicked the window until it broke. Officers removed appellant from the police car and placed him in a "redman suit," which is a cushioned, protective helmet with a plastic shield that prevents a prisoner from spitting or hitting his head. The officers transported appellant to the jail.

Appellant was charged with robbery and pleaded "not guilty." The jury found appellant guilty and found the enhancement allegation "true." Appellant was sentenced to seven years' imprisonment and assessed a $2,000 fine. This appeal ensued.

## II. SUFFICIENCY OF THE EVIDENCE

By his first issue, appellant contends that the evidence is insufficient to support the verdict.

### A. Standard of Review and Applicable Law

In conducting a legal sufficiency review, we view the evidence in the light most favorable to the verdict to determine whether a rational trier of fact could have found the

3

essential elements of the crime beyond a reasonable doubt. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979)); *Escamilla v. State*, 143 S.W.3d 814, 817 (Tex. Crim. App. 2004). We do not reevaluate the weight and credibility of the evidence, and we do not substitute our own judgment for the trier of fact. *King v. State*, 29 S.W.3d 556, 562 (Tex. Crim. App. 2000) (en banc); *Beckham v. State*, 29 S.W.3d 148, 151 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd). Instead, we consider whether the jury reached a rational decision. *Beckham*, 29 S.W.3d at 151.

When an appellant contends the evidence is factually insufficient, we review the evidence in a neutral light to determine whether the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or the jury's verdict is against the great weight and preponderance of the evidence. *Watson v. State*, 204 S.W.3d 404, 414-15 (Tex. Crim. App. 2006). This Court will not reverse the jury's verdict unless, we can say with some objective basis in the record, the great weight and preponderance of the evidence contradicts the verdict. *Id.* at 417. "Although authorized to disagree with the jury's determination even if probative evidence exists which supports the verdict, a reviewing court must give due deference to the fact finder's determinations concerning the weight and credibility of the evidence and will reverse the fact finder's determination only to arrest the occurrence of a manifest injustice." *Swearingen v. State*, 101 S.W.3d 89, 97 (Tex. Crim. App. 2003).

Both legal and factual sufficiency are measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997); *Adi v. State*, 94 S.W.3d 124, 131 (Tex. App.–Corpus Christi 2002, pet.

4

ref'd).  Under section 29.02 of the penal code, a person commits robbery if, "in the course of committing theft as defined in Chapter 31 and with intent to obtain and maintain control of the property, he intentionally, knowingly, or recklessly causes bodily injury to another." TEX. PENAL CODE ANN. § 29.02.  Chapter 31 of the penal code  defines the offense of theft as the unlawful appropriation of property with the intent to deprive the owner of the property.  *Id.* § 31.03 (Vernon Supp. 2008).  Intent to deprive may be proven by showing actual deprivation; however, actual deprivation is not an element of intent to deprive. *Rowland v. State*, 744 S.W.2d 610, 612 (Tex. Crim. App. 1988).

## B.  Discussion

Appellant argues that the evidence is legally insufficient to support a conclusion that he kicked Moreno in the course of committing theft as defined in Chapter 31 because (1) the DVDs were recovered by Wal-Mart, therefore he did not deprive the owner of its property, and (2) the DVDs were in the car and within Moreno's reach when he kicked Moreno.

Moreno testified that appellant took approximately twelve DVDs out of their packages using a razor blade and shoved the DVDs in his back pocket.  When Moreno asked appellant to return the DVDs, appellant denied that he had them and ran out of the store.  Appellant left the store without paying for the DVDs.  Appellant attempted to flee the scene by jumping into a car that had the engine running.  While resisting Moreno's attempts to restrain him, and refusing to return the DVDs, appellant took the DVDs out of his pocket and threw them inside the car.

From this evidence, a rational jury could have reasonably inferred and found beyond a reasonable doubt that appellant intended to deprive Wal-Mart of the DVDs.  *See Winkley*

5

*v. State*, 123 S.W.3d 707, 713 (Tex. App.–Austin 2003, not pet.) (concluding that the fact-finder determines an intent to deprive from the words and acts of the defendant and the surrounding circumstances).  Furthermore, the fact that Wal-Mart recovered the DVDs does not render the evidence legally insufficient because actual deprivation is not an element of intent to deprive.  *See Rowland*, 744 S.W.2d at 612; *see also Winkley*, 123 S.W.3d at 713.

> Moreover,

> the offense of robbery includes any violence in the course of effectuating the theft as well as any violence while in immediate flight from the scene of the theft.  This new definition of robbery proscribes the use of violence not only in the taking of the property, but also in the immediate efforts of the thief to keep the stolen property . . . .

*Lightner v. State*, 535 S.W.2d 176, 177-78 (Tex. Crim. App. 1976).  Here, a rational jury could have found beyond a reasonable doubt that appellant acted violently in an effort to keep the DVDs.  *See id.*  Appellant asserts that once he threw the DVDs into the car, they were no longer in his possession and that Moreno could have easily recovered them. However, as the trier of fact, the jury was free to believe Moreno's testimony that, after appellant threw the DVDs in the car, the driver hid the DVDs under the car seat, and appellant attempted to flee in the car.  *See Lancon v. State*, 253 S.W.3d 699, 707 (Tex. Crim. App. 2008).  Therefore, the evidence was legally sufficient to support appellant's conviction.

Next, appellant generally claims that the evidence is factually insufficient. Specifically, appellant bases his argument on the following:  (1) Moreno testified that appellant was kicking randomly, (2) when appellant kicked Moreno, he had already put the DVDs in the car, (3) it was impossible for appellant to kick Moreno in the leg with enough

6

force or accuracy to cause pain, and (4) Moreno cannot be certain as to when or how the pain to his leg was caused. *See* TEX. PENAL CODE ANN. § 29.02.

We must give due deference to the fact finder's determinations concerning the weight and credibility of the evidence, and we will reverse the fact finder's determination only to arrest the occurrence of a manifest injustice. *See Swearingen*, 101 S.W.3d at 97. Here, the jury could have believed (1) Mellado's testimony that appellant was kicking Moreno intentionally, (2) that appellant kicked Moreno in an effort to keep the DVDs, and (3) that Moreno felt pain because appellant kicked him.

Therefore, after reviewing the evidence in a neutral light, we cannot conclude that the evidence is so weak that the jury's verdict seems clearly wrong and manifestly unjust or that the jury's verdict is against the great weight and preponderance of the evidence. *Watson*, 204 S.W.3d at 414-15. The evidence is factually sufficient to support the verdict.

We overrule appellant's first issue.

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

By his second issue, appellant contends that his counsel was ineffective by failing to object to the State's introduction of alleged extraneous offense evidence and by failing to request an instruction on the lesser-included offense of assault.

### A. Standard of Review and Applicable Law

Ineffective assistance of counsel claims are evaluated under the two-part test articulated by the Supreme Court in *Strickland v. Washington*. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). The *Strickland* test requires that appellant show that counsel's performance was deficient, or

in other words, that counsel's assistance fell below an objective standard of reasonableness. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 689, 694. Assuming appellant has demonstrated deficient assistance, he must then show that there is a reasonable probability that, but for counsel's errors, the result would have been different. *Thompson*, 9 S.W.3d at 812; *see Strickland*, 466 U.S. at 689, 694. In determining the validity of appellant's claim of ineffective assistance of counsel, "any judicial review must be highly deferential to trial counsel and avoid the deleterious effects of hindsight." *Thompson*, 9 S.W.3d at 813.

The burden is on appellant to prove ineffective assistance of counsel by a preponderance of the evidence. *Id.* Appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and his actions could be considered sound trial strategy. *See Strickland*, 466 U.S. at 689; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App.–Corpus Christi 2006, no pet.). A reviewing court will not second-guess legitimate tactical decisions made by trial counsel. *State v. Morales*, 253 S.W.3d 686, 696 (Tex. Crim. App. 2008). Counsel's effectiveness is judged by the totality of the representation, not by isolated acts or omissions. *Thompson*, 9 S.W.3d at 813; *Jaynes*, 216 S.W.3d at 851. Allegations of ineffectiveness must be firmly founded in the record. *Thompson*, 9 S.W.3d at 814. The record must sufficiently demonstrate that the acts or omissions of counsel were not the product of strategic decisions; if the record is silent as to any explanation for counsel's actions, a reviewing court will find that the defendant has failed to overcome the strong presumption of reasonable assistance "unless the challenged conduct was so outrageous that no competent attorney would have

8

engaged in it." *Morales*, 253 S.W.3d at 696-97 (quoting *Goodspeed*, 187 S.W.3d at 392); *see Thompson*, 9 S.W.3d at 814; *Jaynes*, 216 S.W.3d at 851.

## B. Discussion

Appellant first argues that trial counsel should have objected during Moreno's rebuttal testimony when Moreno apparently provided a narrative account of a prior run-in with appellant at a different Wal-Mart store. He also asserts that trial counsel should have objected to Moreno's statement that "on a previously unrelated occurrence, [he] had a suspicion that [a]ppellant was shoplifting at another unrelated Wal-Mart store, but that no theft charges were filed and [a]ppellant was given a criminal trespass citation." The record, however, establishes that trial counsel did object to the complained-of testimony outside the jury's presence. Therefore, appellant's complaint as to this testimony is without merit.

Appellant also cites to instances in the record where he alleges that trial counsel failed to object to the introduction of extraneous offense evidence. However, there was no motion for a new trial and, therefore, nothing in the record explains why trial counsel did not object to the complained-of alleged extraneous offenses. We are not required to speculate on trial counsel's actions when confronted with a silent record. *McNeil v. State*, 174 S.W.3d 758, 760 (Tex. App.–Waco 2005, no pet.) ("A reviewing court can frequently speculate on both sides of an issue, but ineffective assistance claims are not built on retrospective speculation; rather, they must be firmly founded in the record."); *McCoy v. State*, 996 S.W.2d 896, 900 (Tex. App.–Houston [14th Dist.] 1999, pet. ref'd); *see also Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994) (providing that there was no need to speculate as to why appellant's trial counsel decided not to challenge or strike

9

a venire member). Thus, without a record of counsel's reasons for his conduct in this case, we cannot say appellant has overcome the presumption that counsel's actions were based on sound trial strategy. *See Strickland*, 466 U.S. at 689; *Gamble v. State*, 916 S.W.2d 92, 93 (Tex. App.–Houston [1st Dist.] 1996, no pet.) (concluding, that in light of a silent record, trial counsel's failure, among other omissions, to object to inadmissible hearsay, admission of extraneous offense, improper jury argument, and opinion testimony was not ineffective assistance).

Finally, appellant contends that trial counsel was ineffective because he did not request an instruction in the jury charge on the lesser-included offense of assault. However, appellant has not provided a clear and concise argument with citation to proper authority to support this contention. TEX. R. APP. P. 38.1(i). Moreover, we cannot determine whether counsel's actions were grounded in sound trial strategy because the record is silent as to possible trial strategies, and we will not speculate on the reasons for those strategies. *See Jackson*, 877 S.W.2d at 771; *cf. Lopez v. State*, 838 S.W.2d 758, 759 (Tex. App.–Corpus Christi 1992, no pet.) (holding that to forego requesting a lesser-included-offense instruction in favor of seeking a full acquittal on the charged offense is a reasonable trial strategy and therefore not ineffective assistance of counsel).

Appellant has not established by a preponderance of the evidence that counsel's performance was deficient. *Thompson*, 9 S.W.3d at 812, 814 ("Failure to make the required showing of . . . deficient performance . . . defeats the ineffectiveness claim."); *see Strickland*, 466 U.S. at 689, 694. Furthermore, there was sufficient evidence to convict appellant even absent the alleged ineffectiveness, and no other reason for finding prejudice due to deficient performance is apparent; therefore, we conclude that appellant

has failed to meet his burden to establish that there is a reasonable probability that, but for, counsel's alleged errors, the result would have been different. *See Thompson*, 9 S.W.3d at 812; *see also Strickland*, 466 U.S. at 689, 694. Accordingly, we overrule appellant's second issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 7th day of May, 2009.