Jimmy Earl WILLS, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–92–01138–CR.

Court of Appeals of Texas, Houston (14th Dist.).

Dec. 9, 1993.

Discretionary Review Refused March 16, 1994.

Winston E. Cochran, Jr., Houston, for appellant.

Alan Curry, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and ELLIS and LEE, JJ.

## OPINION

ELLIS, Justice.

Appellant, Jimmy Earl Wills, appeals his judgment of conviction for possession of a controlled substance, namely, cocaine, weighing less than 28 grams by aggregate weight, including any adulterants and dilutants. TEX. HEALTH & SAFETY CODE ANN. §§ 481.-102(3)(D) and 481.115(a), (b) (Vernon 1992). The jury rejected his not guilty plea and the court, after finding two enhancement paragraphs of the indictment to be true, assessed punishment at thirty-five (35) years confinement in the Institutional Division of the Texas Department of Criminal Justice. We affirm.

On May 10, 1992, Officers Alfred Paul Calaway and Stephen M. Kwiatkowski of the Houston Police Department were on patrol when they saw appellant standing in the middle of an intersection. When appellant saw the officers, he began walking away rapidly and dropped a matchbox onto the street. Officer Calaway pulled the patrol car up to where appellant dropped the matchbox so that Officer Kwiatkowski could retrieve it. Officer Calaway got out of the car and fol-

lowed appellant; staying with him until Officer Kwiatkowski determined what was in the matchbox. Officer Kwiatkowski opened the matchbox and found a white, rock-like substance. Officer Kwiatkowski testified that, from his training and experience, the substance appeared to be a rock of crack cocaine. Officer Kwiatkowski told Officer Calaway to arrest appellant, which he did. The substance that was in the matchbox field tested positive for cocaine. A subsequent chemical analysis of the substance confirmed that it was 174.3 milligrams, 69.5 percent of which was pure cocaine.

Appellant asserts four points of error. First, the trial court erred in sustaining the State's objection to his redirect testimony that his testimony was truthful, following the State's impeachment of his credibility. Second, he was deprived of the effective assistance of counsel guaranteed by U.S. Const. amend. VI, applicable via amend. XIV. Third, he was deprived of the effective assistance of counsel guaranteed by Tex. Const. art. I, § 10. Fourth, the second enhancement paragraph in the indictment was fundamentally defective and does not support "habitual offender" status.

In his first point of error, appellant contends that the trial court erred in sustaining the State's objection to his redirect testimony that his testimony was truthful. Specifically, appellant complains about the following occurrence during redirect examination of him:

BY DEFENSE COUNSEL:

Q. Are you telling the truth here, Mr. Wills?

A. Yes, sir.

PROSECUTOR: Objection.

THE COURT: Sustained.

DEFENSE COUNSEL: Nothing further.

This exchange occurred after appellant's credibility had been brought into doubt on cross-examination through questions concerning prior convictions. Appellant argues that such a general objection deprived him of the opportunity to rebut it, and that by sus-

taining such a general objection, the court created the impression for the jury that defense counsel's question was improper. We disagree.

■ First, the State did not request that the trial court instruct the jury to disregard the statement. Appellant answered counsel's question and since there was no instruction to disregard, that testimony was before the jury for consideration. Had the prosecutor desired to keep the testimony out of the jury's hearing, he should have objected before appellant answered. Once the answer is given, the only way to limit its evidentiary strength is to request that the court instruct the jury to disregard. Without such an instruction, the testimony is within the jury's review and appellant has nothing to complain of.

■ Second, the question was not proper. TEX.R.CRIM.EVID. 608(a) provides:

(a) **Opinion and reputation evidence of character.** The credibility of a witness may be attacked or supported by evidence in the form of *opinion or reputation,* but subject to these limitations: (1) the evidence may refer only to *character* for truthfulness or untruthfulness, and (2) evidence of truthful character is admissible only after the character of the witness for truthfulness has been attacked by opinion or reputation evidence or otherwise.

(Emphasis added). The defense counsel's question of appellant during redirect examination did not seek to support appellant's credibility by way of "opinion" or "reputation," and it did not concern appellant's "character" for truthfulness. The question merely requested from appellant a direct, self-serving assertion as to whether he was telling the truth during his testimony. This is not consistent with rule 608(a).

■ Furthermore, the question was not consistent with TEX.R.CRIM.EVID. 404, which provides in pertinent part:

(a) **Character evidence generally.** Evidence of a person's character or a trait

of his character is not admissible for the purpose of proving that he acted in conformity therewith on a particular occasion, except:

(1) *Character of accused.* Evidence of a pertinent trait of his character offered by an accused or by the prosecution to rebut the same.

The testimony elicited by defense counsel was not evidence of a pertinent trait of appellant. In other words, the evidence did not demonstrate that appellant has a general trait of truthfulness. Instead, the testimony concerned whether appellant was telling the truth on a particular occasion, i.e., during his testimony. Thus, the question was not proper and we overrule appellant's first point of error.

In his second point of error, appellant asserts that his trial counsel failed to provide the effective assistance of counsel required by U.S. Const. amends. VI and XIV. Appellant makes several complaints, but focuses on defense counsel's oral argument. Specifically, appellant complains that the argument was against him because counsel stated that appellants' testimony "[d]idn't exactly come out the way we wanted it to" and that appellant wanted to tell "his own version of the story."

■ The test to determine whether a convicted defendant's claim that trial counsel's assistance was defective enough to require reversal of the conviction has two components:

First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.

Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).

■ In addition, when determining effectiveness of counsel, we must consider the totality of the circumstances of the case and the totality of the representation rendered. *Ex parte Carillo,* 687 S.W.2d 320, 324 (Tex. Crim.App.1985). In other words, the trial as a whole must be looked at, not isolated incidents of counsel's performance. *Moore v. State,* 694 S.W.2d 528, 532 (Tex.Crim.App. 1985). Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Delrio v. State,* 840 S.W.2d 443, 447 n. 7 (Tex. Crim.App.1992) (citing, *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2066). The Sixth Amendment does not guarantee the defendant errorless representation, but instead affords the defendant an attorney who is likely to render reasonably effective assistance. *Moore,* 694 S.W.2d at 532. Appellant must prove ineffective assistance by a preponderance of the evidence. *Id.*

■ Because of the strong presumption that counsel's argument fell within a broad spectrum of trial strategy, the burden is on appellant to show that it did not. In this case, when trial counsel stated that appellant wanted to tell "his version of the story," he could have wanted to let the jury know that there are two sides to the story that the jury needed to consider. By saying that appellant's story "[d]idn't exactly come out the way we wanted it to," counsel may have wanted the jury to believe that appellant's story was skewed because of tactics used by the prosecutor on cross-examination. Appellant did not meet his burden in showing that this was not a possible strategy or that it was not a legitimate strategy.

■ Appellant also complains that it was ineffective assistance for his trial counsel to have an investigator seek the presence of other witnesses who allegedly would have helped his case instead of doing so on his own. Appellant testified that there was at least one favorable witness available. However, the record is silent as to whether trial counsel interviewed the witness. He may

have done so and determined that the witness' testimony would not have been helpful to appellant's case. There is no evidence in the record that the testimony of this alleged witness would have been favorable to appellant or that it would have produced a different result. An allegation of ineffective assistance of counsel will be sustained only if it is firmly founded in the record. The record must affirmatively demonstrate counsel's alleged ineffectiveness. *Ex parte Cruz,* 739 S.W.2d 53, 59 (Tex.Crim.App.1987). Failing to call a witness on the defendant's behalf is not necessarily ineffective assistance of counsel. *See Hoang v. State,* 825 S.W.2d 729, 733 (Tex.App.—Houston [14th Dist.] 1992, pet. ref'd). Since the record is silent as to whether trial counsel actually interviewed the witness or that a different result would have occurred, it is not ineffective assistance.

■ Appellant also faults trial counsel for failing to obtain a ruling on *pro se* pretrial motions. Failure to file pre-trial motions does not result in ineffective assistance of counsel. *Huynh v. State,* 833 S.W.2d 636, 638 (Tex.App.—Houston [14th Dist.] 1992, no pet.). If failure to file pre-trial motions is not ineffective assistance, it necessarily follows that failing to obtain a ruling is also not ineffective assistance. Trial counsel may have felt that the *pro se* motions had no merit; this must be left within the wide range of reasonable professional assistance.

■ Appellant further alleges ineffective assistance in counsel's failure to request the recordation of voir dire examination. Without more, failure to request transcription of voir dire is not ineffective assistance *per se. Lopez v. State,* 838 S.W.2d 758, 760 (Tex.App.—Corpus Christi 1992, no pet.); *Gonzales v. State,* 732 S.W.2d 67, 68 (Tex. App.—Houston [1st Dist.] 1987, no pet.). "Some injury resulting from the failure to request transcription must be raised by appellant on appeal." *Lopez,* 838 S.W.2d at 760. In this case, appellant has not shown harm by the failure to request transcription of voir dire, just that he has the inability to prove it because of the lack of a record. This

court cannot speculate as to what may have occurred during voir dire, and without a showing of harm, we cannot hold that the failure to request a voir dire recordation was ineffective assistance. *See Gonzales,* 732 S.W.2d at 68.

■ Appellant also contends that his trial counsel was ineffective because he failed to object to Officer Kwiatkowski's testimony that the substance found in the matchbook was "in fact" cocaine because the officer was not a qualified expert. Officer Kwiatkowski testified that he had lengthy experience with illegal narcotics, such as cocaine, and that he was able to identify cocaine. In light of his training and experience, it was not objectionable for the officer to testify to the matter. Thus, counsel did not err in failing to object.

■ Appellant further complains that his counsel did not object to the failure to limit the definitions of "intentionally" and "knowingly" in the jury charge. Appellant does not suggest how the definitions should have been limited or what harm occurred as a result. It is not enough for appellant to show that an alleged error had some conceivable effect on the outcome of the proceeding. *Strickland,* 466 U.S. at 693, 104 S.Ct. at 2067.

Appellant's arguments of ineffective assistance of counsel are without merit. We overrule appellant's second point of error.

■ In appellant's third point of error, he contends that he was deprived of the effective assistance of counsel guaranteed by Tex. Const., art. 1, § 10. The Texas Court of Criminal Appeals has held that the Texas Constitution does not create a standard that is more protective of a defendant's rights than that established in *Strickland. Black v. State,* 816 S.W.2d 350, 356 (Tex.Crim.App. 1991). The court adopted in full the *Strickland* test for determining ineffective assistance of counsel. *Id.* Thus, the only analysis required is under the *Strickland* test which appellant failed to meet. We overrule appellant's third point of error.

■ Appellant asserts in his fourth point of error that the second enhancement para-

graph was fundamentally defective and did not support "habitual offender" status. Appellant failed to object to the enhancement paragraph prior to trial. Without an objection, appellant has waived any error. *Muhammad v. State*, 846 S.W.2d 432, 437 (Tex. App.—Houston [14th Dist.] 1992, pet. filed); *Goins v. State*, 841 S.W.2d 527, 532–33 (Tex. App.—Houston [1st Dist.] 1992, pet. ref'd). Appellant's fourth point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.