

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NOS. 02-10-00075-CR
### 02-10-00076-CR

WILLIAM DOYLE HICKS                                    APPELLANT

V.

THE STATE OF TEXAS                                           STATE

----------

### FROM THE 415TH DISTRICT COURT OF PARKER COUNTY

----------

### MEMORANDUM OPINION[1]

----------

After a paid informant helped officers catch Appellant William Doyle Hicks transporting a methamphetamine lab in the back of his pickup truck, a jury found Appellant guilty of possessing certain chemicals with intent to manufacture a controlled substance and possessing four grams or more but less than 200 grams of methamphetamine. Appellant pleaded true to the indictments'

---

[1]*See* Tex. R. App. P. 47.4.

enhancement paragraphs, the jury assessed two life sentences as punishment, and the trial court sentenced Appellant accordingly, ordering the sentences to run concurrently.

The informant was one of several witnesses who testified for the State at Appellant's trial. In his sole point on appeal, Appellant claims that the trial court abused its discretion by not allowing him to present opinion testimony as to the informant's credibility. We affirm.

After the State rested on guilt-innocence, Appellant called the informant's brother to the stand. The brother testified that he knew the informant used drugs, had a reputation among their mutual friends as a "habitual liar," and that, based upon his own personal knowledge of and experiences with the informant, he believed she had a propensity to lie. Later, during the State's cross-examination, the brother testified that his opinion of the informant's reputation was that she was a liar and a bad person, who was not entitled to belief:

> Q. And your opinion of your sister's reputation is that she's a liar and a bad person and shouldn't be believed, correct?
>
> A. Yes, sir.

Now Appellant complains that the trial court "cut [him] off from pursuing" opinion testimony as to the informant's credibility. Our reading of the record, however, informs us that the trial court did not prevent Appellant from eliciting from the brother his opinion of the informant's credibility. Specifically, the brother testified:

2

Q.    (BY [APPELLANT'S COUNSEL])    Do you believe [the informant] has a propensity to lie?

A.    Yes, sir, I do.

Q.    Does that come from you own personal knowledge – –

A.    Yes, sir.

Q.    – – and experiences with her?

A.    Yes, sir.

At that point, the trial court sustained the State's objection that Appellant was asking about specific instances of conduct.  However, the State did not request, and the trial court did not issue, an instruction to the jury to disregard.  In holding that under similar circumstances an appellant preserved nothing for review, one of our sister courts explained:

> Appellant answered counsel's question and since there was no instruction to disregard, that testimony was before the jury for consideration.  Had the prosecutor desired to keep the testimony out of the jury's hearing, he should have objected before appellant answered.  Once the answer is given, the only way to limit its evidentiary strength is to request that the court instruct the jury to disregard.  Without such an instruction, the testimony is within the jury's review and appellant has nothing to complain of.

*Wills v. State*, 867 S.W.2d 852, 855 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd).

Appellant concedes that, to the extent that the trial court's ruling excluded specific instances of conduct offered to attack the credibility of the State's witness, it was "arguably correct" under rule 608(b).  *See* Tex. R. Evid. 608(b).  Still, he argues, "[T]he trial court's ruling went too far.  In sustaining the State's

3

objection to that *specific* question, the court went on to opine that the *only thing admissible* was the informant's reputation for truthfulness. That is clearly not the law." We read the record differently. The *prosecutor*, not the trial judge, is the one who opined that only the informant's reputation was admissible.

Moreover, for us to address the propriety of a trial court's ruling excluding evidence a party wished to admit, the record must show what that evidence would have been. In other words, to preserve error, the substance of the excluded evidence must be shown by offer of proof unless it is apparent from the context of the questions asked. Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; *Holmes v. State*, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009). Error may be preserved by an offer of proof in question-and-answer form or in the form of a concise statement by counsel. Tex. R. Evid. 103(b); *Holmes*, 323 S.W.3d at 168. Counsel's concise statement must include a summary of the evidence offered. *Holmes*, 323 S.W.3d at 168. Error is not preserved if the offer of proof is inadequate. *Id.*; *see also Mays v. State*, 285 S.W.3d 884, 889–90 (Tex. Crim. App. 2009) (holding that error was not preserved when appellant failed to proffer with some degree of specificity the substantive evidence he intended to present).

As already discussed, the record in this case shows that Appellant elicited the witness's opinion testimony about the informant's credibility. We cannot tell what other evidence, if any, Appellant sought to admit. Therefore, because the opinion testimony Appellant claims he was not allowed to admit was actually admitted before the jury, and because Appellant did not make a record showing

what other evidence he wished to elicit, we hold that he has failed to preserve his claim for review. *See* Tex. R. Evid. 103(b); Tex. R. App. P. 33.2; *Holmes*, 323 S.W.3d at 168; *Wills*, 867 S.W.2d at 855. Accordingly, we overrule Appellant's sole point, and affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, MEIER, and GABRIEL, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 16, 2011