02-10-75&76`









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

                                              NOS.
 02-10-00075-CR

                                                       02-10-00076-CR

 

 


 
 
 William Doyle Hicks
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The State of Texas
 
 
  
 
 
 STATE
 
 


 

 

----------

 

FROM THE 415th
District Court OF Parker COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          After
a paid informant helped officers catch Appellant William Doyle Hicks transporting
a methamphetamine lab in the back of his pickup truck, a jury found Appellant guilty
of possessing certain chemicals with intent to manufacture a controlled
substance and possessing four grams or more but less than 200 grams of methamphetamine.
 Appellant pleaded true to the indictments’ enhancement paragraphs, the jury
assessed two life sentences as punishment, and the trial court sentenced
Appellant accordingly, ordering the sentences to run concurrently.

          The
informant was one of several witnesses who testified for the State at Appellant’s
trial.  In his sole point on appeal, Appellant claims that the trial court
abused its discretion by not allowing him to present opinion testimony as to the
informant’s credibility.  We affirm.

          After
the State rested on guilt-innocence, Appellant called the informant’s brother
to the stand.  The brother testified that he knew the informant used drugs, had
a reputation among their mutual friends as a “habitual liar,” and that, based
upon his own personal knowledge of and experiences with the informant, he
believed she had a propensity to lie.  Later, during the State’s
cross-examination, the brother testified that his opinion of the informant’s
reputation was that she was a liar and a bad person, who was not entitled to belief:

Q.      And your
opinion of your sister’s reputation is that she’s a liar and a bad person and
shouldn’t be believed, correct?

 

A.      Yes, sir.

 

          Now
Appellant complains that the trial court “cut [him] off from pursuing” opinion
testimony as to the informant’s credibility.  Our reading of the record,
however, informs us that the trial court did not prevent Appellant from
eliciting from the brother his opinion of the informant’s credibility.  Specifically,
the brother testified:

          Q.      (BY
[APPELLANT’S COUNSEL])  Do you believe [the informant] has a propensity to lie?

 

          A.      Yes,
sir, I do.

 

          Q.      Does
that come from you own personal knowledge – –

 

          A.      Yes,
sir.

 

          Q.      – –
and experiences with her?

 

          A.      Yes,
sir.

 

          At
that point, the trial court sustained the State’s objection that Appellant was
asking about specific instances of conduct.  However, the State did not
request, and the trial court did not issue, an instruction to the jury to
disregard.  In holding that under similar circumstances an appellant preserved
nothing for review, one of our sister courts explained:

Appellant
answered counsel’s question and since there was no instruction to disregard,
that testimony was before the jury for consideration.  Had the prosecutor
desired to keep the testimony out of the jury’s hearing, he should have
objected before appellant answered.  Once the answer is given, the only way to
limit its evidentiary strength is to request that the court instruct the jury
to disregard.  Without such an instruction, the testimony is within the jury’s
review and appellant has nothing to complain of.

 

Wills
v. State, 867 S.W.2d 852, 855 (Tex. App.—Houston [14th Dist.]
1993, pet. ref’d).

          Appellant
concedes that, to the extent that the trial court’s ruling excluded specific
instances of conduct offered to attack the credibility of the State’s witness,
it was “arguably correct” under rule 608(b).  See Tex. R. Evid. 608(b). 
Still, he argues, “[T]he trial court’s ruling went too far.  In sustaining the
State’s objection to that specific question, the court went on to opine
that the only thing admissible was the informant’s reputation for
truthfulness.  That is clearly not the law.”  We read the record differently. 
The prosecutor, not the trial judge, is the one who opined that only the
informant’s reputation was admissible.

          Moreover,
for us to address the propriety of a trial court’s ruling excluding evidence a
party wished to admit, the record must show what that evidence would have been. 
In other words, to preserve error, the substance of the excluded evidence must
be shown by offer of proof unless it is apparent from the context of the
questions asked.  Tex. R. Evid. 103(a)(2); Tex. R. App. P. 33.2; Holmes v.
State, 323 S.W.3d 163, 168 (Tex. Crim. App. 2009).  Error may be preserved
by an offer of proof in question-and-answer form or in the form of a concise
statement by counsel.  Tex. R. Evid. 103(b); Holmes, 323 S.W.3d at 168. 
Counsel’s concise statement must include a summary of the evidence offered.  Holmes,
323 S.W.3d at 168.  Error is not preserved if the offer of proof is
inadequate.  Id.; see also Mays v. State, 285 S.W.3d 884, 889–90
(Tex. Crim. App. 2009) (holding that error was not preserved when appellant
failed to proffer with some degree of specificity the substantive evidence he
intended to present).

As
already discussed, the record in this case shows that Appellant elicited the
witness’s opinion testimony about the informant’s credibility.  We cannot tell
what other evidence, if any, Appellant sought to admit.  Therefore, because the
opinion testimony Appellant claims he was not allowed to admit was actually
admitted before the jury, and because Appellant did not make a record showing
what other evidence he wished to elicit, we hold that he has failed to preserve
his claim for review.  See Tex. R. Evid. 103(b); Tex. R. App. P. 33.2; Holmes,
323 S.W.3d at 168; Wills, 867 S.W.2d at 855.  Accordingly, we overrule
Appellant’s sole point, and affirm the judgment of the trial court.

 

 

 

LEE GABRIEL

JUSTICE

 

PANEL: 
DAUPHINOT,
MEIER, and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  June 16, 2011









[1]See Tex. R. App. P. 47.4.