

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00773-CR

Brian **JONES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR7615
Honorable Ron Rangel, Judge Presiding

Opinion by:     Karen Angelini, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Rebeca C. Martinez, Justice

Delivered and Filed:   September 4, 2013

AFFIRMED

Brian Jones appeals his conviction for assault on a public servant. He brings two issues on appeal: (1) legal insufficiency of the evidence and (2) ineffective assistance of counsel. We affirm.

### FACTS

Jones was charged with assault on a public servant. At trial, Park Police Officer David Kirkpatrick, testified that he was in uniform and on patrol on June 2, 2011, when he was flagged down by a person reporting a disturbance at a gas station. The person who flagged Officer Kirkpatrick down told him that Jones had displayed a knife and tried to sell him drugs. When

Officer Kirkpatrick arrived at the gas station, he saw Jones and another man having an obvious verbal disagreement. Because he had been told that Jones had a knife, Officer Kirkpatrick handcuffed Jones and patted him down, finding a butterfly knife in Jones's pocket. Officer Kirkpatrick placed Jones under arrest. As Officer Kirkpatrick began to place Jones into the back of the patrol car, Jones "leaned over and, with his right shoulder, hit [Officer Kirkpatrick] in the left rib cage and threw [Officer Kirkpatrick] up against the car – up on the hood. And in the same process, with his hands behind his back, turned and hit [Officer Kirkpatrick] with his hands on [Officer Kirkpatrick's] back; and from that point, he began to run away." Officer Kirkpatrick testified he felt a sharp pain when Jones hit him in the ribs, and the pain lasted for several days. Officer Kirkpatrick and another officer, Officer Glen Salazar, then chased Jones and regained control of him.

On cross-examination, Officer Kirkpatrick testified that he was wearing a Kevlar ballistic vest at the time Jones hit him. And, although his ribs hurt, he did not go to the doctor.

Officer Salazar, who helped Officer Kirkpatrick apprehend Jones, testified that he had previously been assaulted while wearing a Kevlar vest and that he had felt pain through the vest.

## LEGAL SUFFICIENCY OF THE EVIDENCE

In reviewing a challenge to the legal sufficiency of the evidence, we examine all the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Adames v. State*, 353 S.W.3d 854, 860 (Tex. Crim. App. 2011), *cert. denied*, 132 S. Ct. 1763 (2012). The court of criminal appeals has explained that this standard "recognizes the trier of fact's role as the sole judge of the weight and credibility of the evidence after drawing reasonable inferences from the evidence." *Adames*, 353 S.W.3d at 860. Therefore, on appellate review, we determine whether based on "cumulative force of all the evidence" the

necessary inferences made by the trier of fact are reasonable. *Id.* We conduct this constitutional review by measuring the evidentiary sufficiency with "explicit reference to the substantive elements of the criminal offense as defined by state law." *Id.*

### ASSAULT ON A PUBLIC SERVANT

A person commits the offense of assault on a public servant if he intentionally, knowingly, or recklessly causes bodily injury to a person he knows is a public servant while the public servant is lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. § 22.01(a)(1), (b)(1) (West 2011). "Bodily injury" is defined as "physical pain, illness, or any impairment of physical condition." *Id.* § 1.07(a)(8) (West Supp. 2012). Under this definition, "[a]ny physical pain, however minor, will suffice to establish bodily injury." *Garcia v. State*, 367 S.W.3d 683, 688 (Tex. Crim. App. 2012). "Direct evidence that a victim suffered pain is sufficient to show bodily injury." *Laster v. State*, 275 S.W.3d 512, 524 (Tex. Crim. App. 2009).

According to Jones, the evidence is legally insufficient to show Officer Kirkpatrick felt pain because Officer Kirkpatrick testified he was wearing a vest that protected his rib area. In making this argument, Jones discounts Officer Kirkpatrick's testimony that he felt a sharp pain when Jones hit him in the ribs and that the pain lasted for several days. Further, Officer Salazar testified that he had previously been assaulted while wearing a protective vest and had felt pain through the vest. It was for the jury to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to ultimate facts. *See Jackson*, 443 U.S. at 319. Reviewing the evidence in the light most favorable to the jury's verdict, we conclude the jury could have found that Jones caused bodily injury to Officer Kirkpatrick beyond a reasonable doubt. Therefore, we overrule Jones's first issue on appeal.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his second issue, Jones asserts that he was provided ineffective assistance of counsel as follows:

1. Trial counsel filed several pre-trial motions that he failed to have heard and ruled upon.

2. Trial counsel failed to object to extraneous offense and hearsay testimony that a person told Officer Kirkpatrick that Jones had a knife and was trying to sell drugs.

3. Trial counsel failed to ascertain whether Jones was suffering from mental disabilities that could have led to an insanity or diminished capacity defense.

We measure a claim of ineffective assistance of counsel against the two-prong test established by the Supreme Court in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hernandez v. State*, 726 S.W.2d 53, 55-57 (Tex. Crim. App. 1986) (applying *Strickland* test). A person claiming that counsel was ineffective must prove, by a preponderance of the evidence, that (1) counsel's performance was deficient, falling below an "objective standard of reasonableness," and (2) the deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Ex parte Jimenez*, 364 S.W.3d 866, 883 (Tex. Crim. App. 2012) (quotation omitted). Further, we "indulge in a strong presumption that counsel's conduct fell within the wide range of reasonable assistance and that the challenged action might be considered sound trial strategy." *Id.* (quotation omitted). "The mere fact that another attorney might have pursued a different tactic at trial does not suffice to prove a claim of ineffective assistance of counsel." *Id.* "The *Strickland* test is judged by the 'totality of the representation,' not by counsel's isolated acts or omissions, and the test is applied from the viewpoint of an attorney at the time he acted, not through 20/20 hindsight." *Id.* Thus, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Under normal circumstances, the record on

direct appeal will not be sufficient to show that counsel's representation was so deficient and so lacking in tactical or strategic decisionmaking as to overcome the presumption that counsel's conduct was reasonable and professional. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Rarely will the trial record contain sufficient information to permit a reviewing court to fairly evaluate the merits of such a serious allegation. *Id.*; *Thompson*, 9 S.W.3d at 813. In the majority of cases, the record on direct appeal is simply undeveloped and cannot adequately reflect the failings of trial counsel. *Bone*, 77 S.W.3d at 833. "Trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield v. State*, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012) (quotation omitted). "If trial counsel is not given that opportunity, then the appellate court should not find deficient performance unless the challenged conduct was so outrageous that no competent attorney would have engaged in it." *Id.* (quotation omitted).

As to Jones's complaint that his trial counsel failed to obtain rulings on pre-trial motions, we cannot say that this amounts to ineffective assistance of counsel. *See Mares v. State*, 52 S.W.3d 886, 891 (Tex. App.—San Antonio 2001, pet. ref'd) (explaining decision not to pursue pre-trial motions "is not categorically deemed ineffective assistance of counsel because trial counsel may decide not to file pre-trial motion as part of his trial strategy"); *Wills v. State*, 867 S.W.2d 852, 856 (Tex. App.—Houston [14th Dist.] 1993, pet. ref'd) (holding failure to obtain ruling on pre-trial motions not ineffective assistance of counsel). "[U]nless an appellant shows that a pretrial motion had merit and that a ruling on the pretrial motion would have changed the outcome of the case, he has failed to establish both prongs of the *Strickland* standard." *Ex parte Hollowell*, No. 03-11-00240-CR, 2012 WL 1959309, at *3 (Tex. App.—Austin 2012, pet. ref'd).

Jones has offered no argument as to the merits of his pre-trial motions nor has he shown how obtaining a ruling would have changed the outcome of his case. Under these circumstances,

Jones has failed to show that trial counsel was ineffective in failing to have pre-trial motions heard and ruled upon.

Jones also argues that trial counsel was ineffective for failure to object to extraneous offense and hearsay testimony. Specifically, Jones contends that the evidence that Jones had a knife and was trying to sell drugs should have been objected to because it was inadmissible hearsay and extraneous offense evidence. As the State points out, however, this evidence was not hearsay because it was not offered for the truth of the matter asserted, but instead was offered to show why Officer Kirkpatrick approached Jones, patted him down, and arrested him. Further, the fact that a person reported to Officer Kirkpatrick that Jones had a knife and had tried to sell drugs was not inadmissible extraneous offense evidence, but rather was admissible as same transaction contextual evidence. *See Camacho v. State*, 864 S.W.2d 524, 532 (Tex. Crim. App. 1993) (holding same transaction contextual evidence "imparts to the trier of fact information essential to understanding the context and circumstances of events which, although legally separate offenses, are blended or interwoven" and is "admissible, not for the purpose of showing character conformity, but to illuminate the nature of the crime alleged"). The fact that a person reported to Officer Kirkpatrick that Jones had a knife and tried to sell drugs was essential for the jury to understand why Officer Kirkpatrick took the action he did. Also, as the State points out, the record shows that trial counsel did object to the evidence regarding the drugs and was successful in obtaining a limiting instruction from the court with regard to the knife.

Finally, Jones argues that trial counsel was ineffective in failing to ascertain whether Jones suffered from mental disabilities that could have helped in his defense. Specifically, Jones points to trial counsel's argument during punishment in which counsel stated:

> Mr. Jones has had some trouble in the past, but I believe, if you read from the PSI, you can see that some of it has to do with mental issues and him giving – self medicating through drugs since he was 11.

Jones urges that counsel's statement shows that counsel failed to adequately interview Jones and explore all possible defenses. There is nothing, however, in the record showing that trial counsel did not adequately investigate whether Jones suffered from mental disabilities that could have helped in his defense. *See Hernandez*, 726 S.W.2d at 57 (holding court cannot assume that because record is silent as to depth of attorney's investigation of insanity defense, he made no such investigation). Accordingly, Jones did not receive ineffective assistance of counsel.

We affirm the trial court's judgment.

Karen Angelini, Justice

Do not publish